

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MEEGAN MICHELLE VANDERBURGH,

                    Petitioner,

        v.

ARMINDA MILLER,

                    Respondent.

No. 2:23-CV-00255-MKD

ORDER DISMISSING FIRST AMENDED PETITION

**ECF No. 4**

Before the Court is Petitioner's First Amended Petition under 22 U.S.C. § 2254. ECF No. 4. Stephan Graham represents Petitioner. Mark Fowler represents Respondent. The Court has reviewed the briefing and the record and is fully informed. For the following reasons, the Court denies the Petition with prejudice.

**BACKGROUND**

**A.  Trial, Verdict, and Sentence**

Petitioner was charged with vehicular homicide arising from a January 2016 collision. The charging theory ultimately submitted to the jury was

ORDER – 1

vehicular homicide while driving under the influence, together with a two-year sentence enhancement based on a prior alcohol-related driving offense. ECF No. 13-1 at 160-61; *see id.* at 1283-84.

At trial, the evidence showed that another driver was traveling westbound on Sprague Avenue in Spokane when he encountered two pedestrians crossing against the light. The other driver stopped his pickup truck short of the crosswalk. One pedestrian continued safely to the curb, but Cheryl Camyn paused in front of the pickup. Petitioner then struck the pickup truck from behind. The impact pushed the pickup forward into Ms. Camyn, who sustained blunt head, chest, abdominal, and pelvic injuries and died within twenty-four hours. *Id.* at 518, 543-44. The State also presented evidence that Petitioner failed field sobriety tests, blew a 0.13 on a voluntary breath test, and later had a blood alcohol concentration of 0.13 with tetrahydrocannabinol in her system. *Id.* at 518, 543-44.

Before trial, defense counsel sought admission of Ms. Camyn's toxicology report to support the defense theory that Ms. Camyn's conduct, including possible impairment, was relevant to proximate cause and superseding cause. Outside the presence of the jury, testimony established that Ms. Camyn had methamphetamine and other substances in her system. The medical examiner described the effects of methamphetamine as including erratic behavior and impaired judgment. *Id*. at 1300-1302. Law enforcement testimony further indicated that investigators

ORDER – 2

considered Ms. Camyn's potential impairment as part of their causation analysis. *Id.* at 543-44, 1300-1302.  However, the trial court ruled that while the defense could present evidence suggesting impairment and argue that the victim's conduct contributed to the collision, the specific toxicology results would be excluded due to concerns regarding prejudice. *Id.* at 544.  Consistent with that ruling, the jury heard evidence that Ms. Camyn may have been impaired and that her conduct contributed to the events leading to the collision. *Id.* at 695-96, 1300-1302.

The defense presented expert testimony regarding the mechanics of the collision.  The defense expert testified that Petitioner's vehicle was traveling at a relatively low speed at the time of impact and opined that Petitioner was not a proximate cause of the collision. *Id.* at 543-44.  The defense argued that Ms. Camyn's conduct, including her presence in the roadway and her actions immediately preceding the collision, constituted a superseding cause that relieved Petitioner of liability. *Id.* at 695-96.

The court instructed the jury on the elements of vehicular homicide, including proximate cause and the State's burden to prove each element beyond a reasonable doubt. *Id.* at 160-61.  The court also instructed the jury on superseding cause, explaining that an intervening act relieves a defendant of liability only if it was not reasonably foreseeable. *Id.* at 346-47.  The court declined to give

ORDER – 3

additional defense-requested instructions that would have explicitly required the State to disprove the existence of a superseding cause.

The jury found Petitioner guilty of vehicular homicide. *Id.* at 1280. At sentencing, the court found the State had sufficiently proved a prior alcohol-related driving offense and imposed a sentence of 78 months of confinement plus a mandatory 24-month enhancement, for a total sentence of 102 months. *Id.* at 1283-84.

**B. Direct Appeal**

On direct review, Petitioner argued, among other things, that the trial court deprived her of the constitutional right to present a defense and committed instructional error by limiting evidence and instructions relating to superseding cause. *Id.* at 543-44. The Washington Court of Appeals affirmed the judgment and sentence. As summarized later by the Washington Court of Appeals in collateral review, the court held on direct appeal that the trial court did not err in limiting evidence and instructions on superseding cause, that the facts suggesting a superseding cause were weak, and that the toxicology evidence had low probative value and posed a risk of prejudice. *Id.* at 543-44. The direct appeal opinion also explained that DUI vehicular homicide under RCW 46.61.520(1)(a) required proof that Petitioner drove while under the influence and that her driving was a proximate cause of the victim's injury and death. *Id.* at 23-24.

ORDER – 4

Petitioner then sought discretionary review in the Washington Supreme Court, arguing that the Washington Court of Appeals had failed to apply the correct constitutional analysis to the exclusion of toxicology and impairment evidence and had misconstrued the relationship between strict liability, proximate cause, and superseding cause, thereby depriving her of the right to present her defense and theory of the case. *Id.* at 281-82.  The Washington Supreme Court denied review on November 3, 2021.  *Id.* at 337.  The Washington Court of Appeals issued its mandate on November 9, 2021.  *Id.*

### C. Personal Restraint Petitions

On May 3, 2022, Petitioner filed a Personal Restraint Petitioner raising several claims based on ineffective assistance of counsel, failure to call a defense toxicology expert, and failure to file a motion to suppress a search warrant.  ECF Nos. 4 at 3 ¶ 11, 13-1 at 374.  The Washington Court of Appeals, Division III denied Petitioner's Personal Restraint Petition.  ECF No. 13-1 at 543.  Petitioner did not seek discretionary review of the ruling, and the Washington Court of Appeals issued a certificate of finality on April 27, 2023.  *Id.* at 538.

### LEGAL STANDARD

Under Section 2254, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution

ORDER – 5

or laws or treaties of the United States." 28 U.S.C. § 2254(a). Relief may only be granted on a claim that was adjudicated on the merits in State court proceedings if the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

"'[C]learly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the State court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted). "[A] federal habeas court may overturn a State court's application of federal law only if it is so erroneous that 'there is no possibility fair[-]minded jurists could disagree that the State court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). A factual determination by a State court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* A court may grant habeas relief only if the challenged error caused "actual prejudice" or had "substantial and injurious effect or influence" on the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619,

ORDER – 6

637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see also Brown v. Davenport*, 596 U.S. 118, 122 (2022) ("When a State court has ruled on the merits of a State prisoner's claim, a federal court cannot grant relief without first applying both the test [the Supreme] Court outlined in *Brecht* and the one Congress prescribed in AEDPA.").

## DISCUSSION

Petitioner asserts two grounds in the First Amended Section 2254 Petition: (1) the exclusion of toxicology evidence violated her right to present a defense; and (2) the jury instructions violated her due process rights by improperly addressing causation and superseding cause.

### A. Exclusion of Toxicology Evidence

Petitioner contends that the trial court violated her constitutional right to present a defense by excluding evidence of the victim's toxicology results. On direct review, the Washington Court of Appeals rejected this claim. The court held that the toxicology evidence had limited probative value and posed a substantial risk of unfair prejudice, and that the trial court's evidentiary ruling did not prevent Petitioner from presenting her defense. ECF No. 13-1 at 543-44.

The Supreme Court has recognized that a defendant has a right to present a complete defense, but that right is subject to reasonable evidentiary restrictions. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006); *Crane v. Kentucky*, 476 U.S.

ORDER – 7

683, 689-90 (1986). The exclusion of evidence violates due process only where it is "arbitrary" or "disproportionate to the purposes [the rules] are designed to serve." *Holmes*, 547 U.S. at 324.

The record demonstrates that the trial court did not exclude all evidence relating to the victim's condition. Rather, the court permitted Petitioner to present evidence that Ms. Camyn may have been impaired and that her conduct contributed to the collision, while excluding only the specific toxicology levels. ECF No. 13-1 at 544. Consistent with that ruling, the jury heard that Ms. Camyn was unlawfully in the roadway, that she may have been impaired, and that her conduct contributed to the sequence of events leading to her death. *Id.* at 695-96, 1300-1302. The defense was permitted to argue that Ms. Camyn's conduct, including her presence in the roadway and potential impairment, constituted a superseding cause relieving Petitioner of liability. *Id*. at 695-96. The investigating officer specifically testified that he considered Ms. Camyn's potential impairment in evaluating causation. *Id.* at 543-44, 1300-1302.

Accordingly, Petitioner was able to present her theory that Ms. Camyn's conduct, including her presence in the roadway and potential impairment, constituted a superseding cause relieving her of liability. *Id.* at 695-96. The exclusion of toxicology levels did not foreclose that theory. Moreover, Petitioner has not identified any clearly established Supreme Court authority requiring

ORDER – 8

admission of specific toxicology measurements in these circumstances.  The

Supreme Court has repeatedly emphasized that "well-established rules of evidence

permit trial judges to exclude evidence if its probative value is outweighed by

certain other factors such as unfair prejudice."  *Holmes*, 547 U.S. at 326.  On this

record, the Washington Court of Appeals reasonably concluded that the trial

court's ruling reflected a permissible evidentiary balance rather than an arbitrary

exclusion of critical defense evidence.  Accordingly, the court's rejection of this

claim was neither contrary to nor an unreasonable application of clearly

established federal law under § 2254(d).

**B. Jury Instruction Error**

Petitioner contends that the trial court violated her due process rights by

failing to properly instruct the jury on proximate cause and superseding cause,

including by declining to give defense-requested instructions that would have

expressly required the State to disprove a superseding intervening cause.

As a threshold matter, this claim is procedurally barred.  The petition for

discretionary review framed the jury instruction issue solely in terms of

Washington law and did not present the claim as a violation of federal due process

to the Washington Supreme Court.  ECF No. 13-1 at 281-82.  Because Petitioner

failed to alert the State's highest court to the federal nature of the claim, it is

unexhausted.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The claim is now

ORDER – 9

procedurally defaulted because Washington law would bar further review. *See* RCW 10.73.090; RCW 10.73.140.

A habeas petitioner who procedurally defaults on a federal claim in State court is barred from federal habeas review unless: (1) "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the State procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphases in original).

The "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. The petitioner must present new evidence and show that, based upon this new evidence, "it is more

ORDER – 10

likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner has not established cause and prejudice to excuse the default, nor has she made the showing of actual innocence required to invoke the fundamental miscarriage of justice exception. *See Coleman*, 501 U.S. at 750; *Schlup*, 513 U.S. at 327. Federal habeas review of this claim is thus barred.

Even if the claim were not procedurally barred, the State court reasonably rejected Petitioner's instructional challenge. The jury was instructed on the elements of vehicular homicide and the State's burden to prove each element beyond a reasonable doubt. ECF No. 13-1 at 160-61. The jury was also instructed on proximate cause and superseding cause, including that an intervening act relieves a defendant of liability only if it was not reasonably foreseeable. *Id.* at 346-47. The Washington Court of Appeals concluded that these instructions, taken as a whole, were constitutionally adequate because they properly conveyed the State's burden of proof and the elements of the offense. *Id.* at 160-61. The court further explained that proof of proximate cause beyond a reasonable doubt necessarily establishes the absence of a superseding intervening cause. *Id.* at 160. The instructions permitted the jury to consider Petitioner's theory that the victim's conduct constituted a superseding cause, and the defense fully argued that theory based on the evidence presented at trial. *Id.* at 695-96.

ORDER – 11

Accordingly, Petitioner has not shown that the State court's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law. Habeas relief is not warranted.

**C. Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See also* Fed. R. App. P. 22(b). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In weighing a certificate of appealability, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

As explained above, Petitioner has not articulated any principle of clearly established federal law that the State courts' decisions *arguably* contradicted or applied unreasonably. It is therefore implausible that reasonable jurists could disagree as to the sufficiency of Petitioner's constitutional claims or eligibility for habeas relief. In other words, Petitioner has not made a prima facie showing, much less a substantial showing, of the denial of a constitutional right. *See* 28

ORDER – 12

U.S.C. § 2253(c)(2).  Accordingly, the Court denies Petitioner a certificate of appealability.

## CONCLUSION

For the reasons Stated above, Petitioner's First Amended Petition is dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's First Amended Petition, **ECF No. 4**, is **DISMISSED with prejudice**.

2. The Court certifies that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, provide a copy to the parties, **enter** judgment, and **CLOSE THE FILE**.

DATED March 31, 2026.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 13